# McNAMEE LOCHNER P.C.

ATTORNEYS AT LAW

KEVIN LAURILLIARD
*Direct Dial*
(518) 447-3292

laurilliard@mltw.com
*Direct Fax*
(518) 867-4792

May 4, 2018

**VIA ECF**

Honorable Robert E. Littlefield, Jr.
U.S. Bankruptcy Judge
Northern District of New York
United States Courthouse
445 Broadway
Albany, New York 12207

    Re:    Nancy Jean Burbridge, Debtor
            Case No. 15-10839
            My file no.:  020866-50783

Dear Judge Littlefield:

    I represent Nancy Jean Burbridge and am writing this letter in anticipation of our judicial conference scheduled for this morning at 10:30am.  It is my understanding that this court may rule on whether there is a bad faith exception to a Chapter 13 debtor's legal right to voluntarily dismiss his/her bankruptcy case pursuant to In re Barbieri, 199 F.3d 616 (2d Cir.1999).  It is respectfully submitted that it is unnecessary for this court to render such a significant decision.

    Instead of rendering such a decision at this time, I hereby respectfully request an opportunity to submit a motion to enforce the settlement agreement that the parties reached after twelve (12) hours of mediation before the Honorable Margaret Cangilos-Ruiz.  After the settlement was achieved during her mediation, the Honorable Margaret Cangilos-Ruiz issued a Conditional Order, which provided in relevant part, as follows:

> ORDERED that the Settlement as outlined in the attached transcript of the proceedings is conditionally approved and binding upon the parties, subject to obtaining subsequent approval by the court after notice and a hearing.  See document #108 of the court docket.

    As set forth in the attached transcript that is referenced in the aforementioned Order, the parties contemplated that their respective settlement payments would be put into an escrow and the parties agreed that the amount of the settlement payment to be paid by Nancy Jean Burbridge was $170,000.  See document #108-1 of the court docket.  Since the aforementioned settlement agreement was reached by the parties, Nancy Jean Burbridge has been ready, willing and able to fulfill her obligations under the settlement agreement.  Nancy Jean Burbridge

www.mltw.com

**MAIN OFFICE** | 677 Broadway, Suite 500, Albany, New York 12207 | O. 518-447-3200 | F. 518-426-4260
{M1430405.1}
646 Plank Road, Suite 206, Clifton Park, NY 12065 | O. 518-383-9200 | F. 518-383-1510

Honorable Robert E. Littlefield, Jr.
May 4, 2018
Page 2

has deposited $180,000 into my law firm's escrow account and, therefore, I can immediately wire her settlement payment to Endurance.

Unfortunately, it appears that some of the parties that agreed to the settlement agreement before the Honorable Margaret Cangilos-Ruiz may have experienced "buyer's remorse" after confirming their settlement on the record before the Honorable Margaret Cangilos-Ruiz. It is respectfully submitted that parties should not be permitted to now renege or re-negotiate the terms that they agreed to.

New York State law steadfastly encourages the enforcement of a settlement agreement, as clearly set forth in a decision from the Second Department Appellate Division (Sontag v. Sontag, 114 A.D.2d 892 (2d Dept. 1985), as follows:

> Stipulations of settlement are favored by the courts and not lightly cast aside (see Matter of Galasso, 35N.Y.2d 319, 321, 361 N.Y.S.2d 871, 320 N.E.2d 618).This is all the more so in the case of 'open court 'stipulations (Matter of Dolgin Eldert Corp., 31 N.Y.2d1, 10 [34 N.Y.S.2d 833, 286 N.E.2d 228] ) within CPLR 2104, where strict enforcement not only serves the interest of efficient dispute resolution but also is essential to the management of court calendars and integrity of the litigation process. Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation (Matter of Frutiger, 29 N.Y.2d 143, 149–150[324 N.Y.S.2d 36, 272 N.E.2d 543] )" (Hallock v. State of New York, 64 N.Y.2d 224, 230, 485 N.Y.S.2d 510,474 N.E.2d 1178).
>
> Pursuant to CPLR 2104, an oral stipulation is binding on the parties provided that the agreement is spread upon the record in "open court". The "open court" requirement is satisfied by transcribed proceedings in chambers (*Matter of Dolgin Eldert Corp.*, 31 N.Y.2d 1, 34 N.Y.S.2d 833, 286 N.E.2d 228; *Owens v. Lombardi*, 41A.D.2d 438, 343 N.Y.S.2d 978, *lv. denied* 33 N.Y.2d 515,348 N.Y.S.2d 1026, 302 N.E.2d 554).

Buyer's remorse is not a valid reason to set aside the settlement agreement that was reached by the parties and transcribed before the Honorable Margaret Cangilos-Ruiz. At the end of the aforementioned transcript, the Honorable Margaret Cangilos-Ruiz pronounced "that we have had a settlement." See document #108-1 of the court docket.

{M1430405.1 }

Honorable Robert E. Littlefield, Jr.
May 4, 2018
Page 3

    I am hereby respectfully requesting an opportunity to submit an application to this court to obtain the "subsequent approval by the court after notice and a hearing" as contemplated by the prior Order from the Honorable Margaret Cangilos-Ruiz. See document #108 of the court docket. Thank you for your kind consideration.

                                    Respectfully submitted,

                                    /s/ Kevin Laurilliard

                                  Kevin Laurilliard

cc: All parties via ECF

{M1430405.1 }