UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------

In re

      NANCY JEAN BURBRIDGE,           Chapter 13
                                                 Case No. 15-10839
                    Debtor.

------------------------------------------------------------------------

## AFFIRMATION IN OPPOSITION

    **KEVIN LAURILLIARD** hereby affirms the following statements under the penalty of perjury and alleges as follows:

    1.     I am an attorney with the law firm of McNamee Lochner P.C. ("McNamee"), and I am duly admitted to practice in the State of New York and in this court.  McNamee represents Nancy Jean Burbridge (hereinafter "Debtor"), in the above-captioned bankruptcy case.  This affirmation is submitted in opposition to the Motion ("Motion") submitted by Endurance American Insurance Company ("Endurance") as Doc No. 243, which requests an order pursuant to 11 U.S.C. §105(a), Federal Rules of Civil P. 59 and/or 60; and Fed. R. Bankr. P. 9023 and/or 9024: (I) amending the Civil Contempt Order [Doc No. 231] entered against Nancy Jean Burbridge ("Debtor" or "Ms. Burbridge") and (II) holding this motion in abeyance until resolution of the pending appeal filed by Endurance (the "Motion").

    2.    This court issued Civil Contempt Order [Doc No. 231] dated May 21, 2018.  On May 21, 2018, the Court entered the Amended Dismissal Order [Doc. No. 233] which amended the Dismissal Order to indicate that the bankruptcy case is dismissed with prejudice for one year until May 21, 2019.  The preceding Orders

{M1452034.1 }

were entered numerous court hearings, motions, affirmations and multiple documents were submitted and fully considered by this Court.

3. Apparently, Endurance is not satisfied with the Orders issued by this Court and is now asking it to help Endurance collect on its alleged debt, which has not yet been litigated on the merits. However, Endurance opted to litigate the merits of its alleged debt in the state court located in New York County. The state court action is scheduled to be ready for trial in less than six months. It is unnecessary and improper for Endurance to challenge this Court's Orders and to ask this court to act as a debt collector in a two party dispute between the Debtor and Endurance.

4. .Endurance's reliance upon 11 U.S.C. §105(a), Federal Rules of Civil P. 59 and/or 60; and Fed. R. Bankr. P. 9023 and/or 9024 is misplaced. It is clear that a litigant should not submit a motion for reconsideration simply because it is not satisfied with a court's decision and is seeking a second bite at the apple. In re Halko, 203 B.R. 668, 671-672 (Bk. Ct., N.D. Illinois, Eastern Division 1996). Otherwise, every unsuccessful litigant would file a motion to reconsider after receiving an undesirable or adverse decision.

5. In addition to deficiency of Endurance's motion to reconsider, the Motion does not provide legal authority for holding such a motion in abeyance until after the recently filed appeal has been decided.

{M1452034.1 }

**WHEREFORE,** it is respectfully requested, that this Court issue an Order denying the Motion, along with such other and further relief as this Court may deem just and proper.

Dated: June 14, 2018

/S/ Kevin Laurilliard
Kevin Laurilliard, Esq.
McNamee Lochner P.C.
Attorneys for Debtor
P. O. Box 459
Albany, NY 12201-0459
518-447-3200

{M1452034.1 }